IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE VELAZQUEZ-COYOMANI, a/k/a JOSE VELAZQUEZ, an individual, and ENRIQUE SOSA-NUNEZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> PREMIER FOOD, INC., an Illinois corporation d/b/a THE GREAT STEAK & POTATO IN AURORA, MOONHIE, OH, an individual, JONGSOO OH a/k/a SIMON OH, an individual, and MARK OH, an individual, <br><br> Defendants. | Case No.18-cv-501 |

## COMPLAINT

The Plaintiffs, Jose Velazquez-Coyomani, ("Velazquez") and Enrique Sosa-Nunez ("Sosa") (collectively, the "Plaintiffs"), by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Premier Food, Inc. an Illinois corporation d/b/a The Great Steak & Potato in Aurora ("Great Steak"), Moonhie Oh ("Moonhie Oh"), Jongsoo Oh a/k/a Simon Oh ("Simon Oh"), and Mark Oh ("Mark OH"), (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs their overtime pay. Plaintiffs are former cooks and kitchen staff employees of the Defendants' restaurant.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Velazquez was employed by Defendants at their Great Steak & Potato restaurant in Aurora, Illinois from approximately 2004 through January 2, 2018.

5. Plaintiff Sosa was employed by Defendants at their Great Steak & Potato restaurant in Aurora, Illinois from approximately 2004 through January 2, 2018.

6 During the course of their employment, Plaintiffs used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiffs reside in and are domiciled in this judicial district.

8. Defendant Great Steak is an Illinois corporation that operates a restaurant located in Aurora, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9. Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2015, 2016 and 2017.

10. Defendant Great Steak is registered in Illinois as a corporation and its President, Secretary, registered agent, and principal office are located within this judicial district.

11. Upon information and belief, Defendant Moonhie Oh is an owner, corporate Secretary and manager of Defendant, Great Steak.

12. Upon information and belief, Defendant Jongsoo Oh, a/k/a Simon Oh, is an owner and manager of Defendant, Great Steak.

13. Upon information and belief, Defendant Mark Oh, is the son of Moonhie and Simon Oh, and is the President and a manager of Defendant, Great Steak.

14. At all times relevant to this action, Defendants Moonhie Oh, Simon Oh, and Mark Oh, each possessed oversight over Defendant Great Steak's employees and business practices, and each further served as the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices. Defendants Moonhie Oh, Simon Oh and Mark Oh also possessed the authority to hire and fire Defendant Great Steak's employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

**COMMON ALLEGATIONS**

15. During 2015 and approximately the first half of 2016, Plaintiff Velazquez regularly worked at Defendants' restaurant for a minimum of fifty-six (56) hours per week on a six (6) day per week work schedule. Thereafter, during the second half of 2016 and all of 2017, Plaintiff Velazquez worked at Defendants' restaurant for a minimum of sixty-six (66) hours per week on a seven (7) day per week work schedule including: Monday from 11:00 a.m. to 4:00 p.m., Tuesday-Friday from 11:00 a.m. to 9:00 p.m., Saturday from 9:00 a.m. to 9:00 p.m., and Sunday from 10:00 a.m. to 7:00 p.m.

16. During all relevant time periods including 2015 through 2017, Plaintiff Sosa regularly worked at Defendants' restaurant for approximately seventy-seven (77) hours per week on a seven (7) day per week work schedule including: Monday, Tuesday and Thursday-Saturday

from 9:00 a.m. to 9:00 p.m., Wednesday from 9:00 a.m. to 4:00 p.m., and Sunday from 9:00 a.m. to 7:00 p.m.

17. Defendants paid Plaintiff Velazquez on an hourly basis with the following rates: $8.50 per hour during the period from late 2014 through May 2, 2015; $8.75 per hour during the period from May 3, 2015 through December 10, 2016; $9.00 per hour during the period from December 11, 2016 through September 16, 2017; and, $9.50 per hour during the period from September 17, 2017 through January 2, 2018.

18. Defendants paid Plaintiff Sosa on an hourly basis with the following rates: $8.75 per hour during the period from August 10, 2014 through August 8, 2015; $9.25 per hour during the period from August 9, 2015 through November 12, 2016; $9.75 per hour during the period from November 13, 2016 through September 30, 2017; and $10.25 per hour during the period from October 1, 2017 through January 2, 2018.

19. Defendants did not compensate Plaintiffs at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

20. Defendants never paid Plaintiffs an overtime premium when they worked more than forty (40) hours in a workweek.

21. In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiffs by check for only a portion of their hours, typically forty (40) per week or eight (80) hours per two-week pay period, and paid for the remainder of Plaintiffs' hours in cash.

22. Defendants paid Plaintiffs' overtime compensable hours in cash at their straight-time hourly rates of pay.

23. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs.

24. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

25. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

26. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

27. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

28. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

29. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid for only a portion of Plaintiffs' hours by check, typically forty (40) hours or less per week or eighty (80) per two-week pay period, and paid the remainder of Plaintiffs' hours including Plaintiffs' overtime compensable hours "under the table" in cash.

32. In a further attempt to conceal their overtime violations, Defendants failed to report their cash wage payments to Plaintiffs to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiffs, Jose Velazquez-Coyomani and Enrique Sosa-Nunez, pray for a judgment against Defendants, Premier Food, Inc. d/b/a The Great Steak & Potato in Aurora, Moonhie Oh, Jongsoo Oh, and Mark Oh, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

33. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

34. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

35. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

36. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

37. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Jose Velazquez-Coyomani and Enrique Sosa-Nunez, pray for a judgment against Defendants, Premier Food, Inc. d/b/a The Great Steak & Potato in Aurora, Moonhie Oh, Jongsoo Oh, and Mark Oh as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: January 23, 2018

Respectfully submitted,
Jose Velazquez-Coyomani and
Enrique Sosa-Nunez,
Plaintiffs


/s/ Timothy M. Nolan
_____
One of the Plaintiffs' Attorneys

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com